Joel G. Green
INTEGRITY LAW GROUP, PLLC
2033 Sixth Avenue, Suite 920
Seattle, Washington 98121
(206) 838-8118 Direct: (206) 550-1900
jgreen@ilgseattle.com
JoelGreenLaw@gmail.com

Attorneys for: Marcus Searles

HONORABLE MARC BARRECA
Chapter 7
Hearing Date: June 8, 2023
Hearing Time: 9:30 a.m.
Response Date: June 1, 2023
Courtroom: 7106

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re,

Kenisha Joi Kersey,

    Debtor.

No. 23-10596-MLB

NOTICE OF HEARING ON AND MOTION FOR COMFORT ORDER RE DIVORCE OBLIGATIONS

COMES NOW, Petitioner, Levere Marcus LLewellyn Searles, by and through his attorneys Integrity Law Group, PLLC, and moves the Court for entry of a Comfort Order holding that the decree obligations owed is nondischargeable pursuant to 11 U.S.C. Section 523(a)(15). The motion is supported by the files and records herein and the Declaration of Marcus Searles filed herewith.

//

//

1- Motion for Comfort Order

# NOTICE OF HEARING ON MOTION FOR COMFORT ORDER RE DIVORCE OBLIGATIONS

PLEASE TAKE NOTICE, that on June 8, 2023, a Hearing on Motion for Comfort Order re Divorce Obligations

IS SET FOR HEARING AS FOLLOWS:

JUDGE: Marc L. Barreca  TIME: 9:30 a.m.

PLACE: United States Bankruptcy Court  DATE: June 8, 2023
Courtroom 7106
700 Stewart Street
Seattle, WA 98101-1270

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's Office of the Bankruptcy Court located at 700 Stewart Street, Sixth Floor, Seattle, Washington 98101-1271 and deliver copies to the undersigned, the Chapter 7 Trustee, the United States Trustee, and to all parties requesting special notice not later than the response date, which is June 1, 2023.

**IF NO RESPONSE IS TIMELY FILED AND SERVED, THE COURT MAY, IN ITS DISCRETION GRANT THE MOTION PRIOR TO THE HEARING.**

DATED this 11th day of May 2023.

INTEGRITY LAW GROUP, PLLC

By: /s/ Joel Green

Joel G. Green, WSBA #8706
Of Attorneys for Marcus Searles

# MOTION FOR COMFORT ORDER RE DIVORCE OBLIGATIONS

## I. Factual Summary

On March 14, 2001, Levere Marcus LLewellyn Searles, ("Marcus") and debtor-obligor, Kenisha Joi Kersey ("Kenisha") (Collectively "Parties") were married. On May 30, 2006 they purchased real property located at 421 46th Street SE Everett, WA 98203 ("Subject Property") subject to a mortgage at the time with Aurora Loan Services. On March 2, 2011,

2- Motion for Comfort Order

INTEGRITY LAW GROUP, PLLC
2033 SIXTH AVE. SUITE 920
SEATTLE, WASHINGTON 98121
PH (206) 838-8118
FX (206) 838-7459

the parties divorced. On March 11, 2011, Marcus transferred the Subject Property to Kenisha.

On May 7, 2019, after a dispute arose as to payments and relieving Marcus from the debt on the subject property, the parties subsequently entered into a CR2A Agreement ("CR2A") Amending Divorce Decree Regarding Real Property and Related Issues, a copy of which is attached hereto as Exhibit A. The Agreement confirmed that Kenisha was awarded the Subject Property and all debts secured by it were Kenisha's sole responsibility, and acknowledged that Marcus had transferred any interest he had in the Subject Property to Kenisha. The CR2A Agreement added a legal description missing from the Divorce Decree, and confirmed Kenisha's sole responsibility for debts secured by the subject property. Lastly, the CR2A Agreement amended the Divorce Decree to provide that Kenisha timely service the debts secured by the Subject Property, and required her to refinance or otherwise assume all mortgages and indebtedness associated with the Subject Property solely into her name within 15 months of the date of the agreement, and that if Kenisha was unable to refinance or otherwise assume the mortgage(s) within the 15 months of the date of the agreement, Kenisha was required to immediately place the Subject Property on the market for sale and close the sale on the property within 3 months. The agreement contained an attorney's fee provision if Marcus was required to retain counsel to enforce the agreement. See Declaration of Marcus Searles filed herewith. The 2011 dissolution documents also included a hold harmless and indemnification clause in case Kenisha failed to make the payments on the Subject Property. According to the CR2A Agreement, having failed to refinance no later than August 8, 2020, and having failed to complete a sale by November 8, 2020.

Having failed to comply with the terms of the CR2A, Kenisha filed a chapter 13 bankruptcy in this court on November 26, 2019, Case No. 19-14314. West Coast Servicing

3- Motion for Comfort Order

INTEGRITY LAW GROUP, PLLC
2033 SIXTH AVE. SUITE 920
SEATTLE, WASHINGTON 98121
PH (206) 838-8118
FX (206) 838-7459

moved for relief from stay on December 16, 2020. On January 14, 2021, this court entered an Order Denying Motion for Relief from Stay. On January 4, 2023, Kenisha filed a Motion to Dismiss Case for Other Cause. According to her supporting declaration dated December 20, 2022, Kenisha declared that she had a "reduction of income due to a disability," and that she was "… no longer able to make the Chapter 13 plan payments." On January 26, 2023, the court entered an unopposed Order Granting Motion to Dismiss Case. An Order Closing Case was entered on April 19, 2023.

On March 31, 2023, Marcus received notice that Kenisha filed the subject chapter 7 case. The Balance of Schedules and Statement of Financial Affairs were filed on April 17, 2023.

Pursuant to Kenisha's Bankruptcy Schedule A/B, she valued the Subject Property at $633,900. Pursuant to Bankruptcy Schedule D, she listed debts secured by the Subject Property at $251,436 owed to Select Portfolio and, $130,000 owed to West Coast Servicing/Matt Clark for a total of $381,436 secured by the Subject Property. At Schedule C, Kenisha completely exempted the Subject Property as to her unsecured creditors using her Washington homestead exemption, such that there is no equity for the estate and the unsecured creditors.

Additional factual statements supported by the record herein are made below.

**II. Argument**

A. Pursuant to 11 U.S.C. Section 523(a)(15), the subject decree debt/obligations are nondischargeable.

523(a)(15) does not discharge an individual debtor from any debt:

4- Motion for Comfort Order

INTEGRITY LAW GROUP, PLLC
2033 SIXTH AVE. SUITE 920
SEATTLE, WASHINGTON 98121
PH (206) 838-8118
FX (206) 838-7459

to a spouse, **former spouse**, or child of the debtor and not of the kind described in paragraph (5) **that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement**, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit; (Emphasis added).

Pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), if a debt is not domestic support obligations, but was incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, it is automatically excepted from discharge pursuant to 523(a)(15).

Pursuant to 523 (a)(15), property settlement agreements are automatically nondischargeable and the subject comfort order is appropriate. Pursuant to 11 U.S.C. Section 523(c)(1), provides that only debts under (a)(2), (4) and (6) require notice and a hearing to be excepted from discharge:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

The plain language can only require a hearing for nondischargeability determinations for the particular sections (a)(2), (4) and (6). This interpretation is supported by case law in multiple jurisdictions, including Washington state. In *In re star*, 06-30571-DOT, 2008 WL 2705092 (Bankr. E.D. Va. 2008), the court held that Section 523(a) lists the types of debts that are not discharged when the debtor receives a discharge. **Again, this is an automatic provision requiring no action from the debtor or creditor**. [Emphases added]. The Court of Appeals of Washington, Division One in *In re Marriage of Corrillo*, 2004 Wash. App. LEXIS 133, explained, after the debtor did not file a claim in the bankruptcy court for his property settlement award, "that subsection of the bankruptcy code contains no requirement

5- Motion for Comfort Order

INTEGRITY LAW GROUP, PLLC
2033 SIXTH AVE. SUITE 920
SEATTLE, WASHINGTON 98121
PH (206) 838-8118
FX (206) 838-7459

that a claimant must file in the bankruptcy court; rather, it codifies a 1994 amendment providing that dissolution property awards are generally nondischargeable in bankruptcy. *Bankruptcy Reform Act of 1994*, Pub.L. No.103-394, § 304(e), 108 Stat. 4106, 4133 (1994)*; see Edwards v. Edwards,* 83 Wn. App. 715, 721 n.2, 924 P.2d 44 (1996). "[i]t is the debtor and not the creditor who has the burden of persuading the bankruptcy court that a nondischargeable debt under Section 523 (a)(15) nonetheless qualifies for discharge." *In re Myrvang,* 232 F.3d 1116, 1121 (2000*); In re Jodoin,* 209 B.R. 132, 138 (9th Cir. 1997)*.* It is clear from the bankruptcy code, and case law that there is no requirement for a motion and hearing, that dissolution decree debts are automatically nondischargeable. However, despite the foregoing, bankruptcy courts have permitted comfort orders after notice and a hearing to avoid alleged violations of the automatic stay.

Pursuant to 11 USC Section 101 (12)-definitions-, debts equate to a liability on a claim. A right to a "claim" means— (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) **right to an equitable remedy for breach of performance if such breach gives rise to a right to payment**, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. [Emphasis added].

Here, Marcus and Kenisha were divorced and entered into a CR2A that specified allocations of assets and debts. Kenisha breached the agreement by failing to service the debt for which Marcus is jointly liable, by failing to remove Marcus from the underlying mortgage oblations/debts for the Subject Property Kenisha was awarded through a refinance, and by not selling the property in accordance with the CR2A. Each payment missed by Kenisha is an

6- Motion for Comfort Order

INTEGRITY LAW GROUP, PLLC
2033 SIXTH AVE. SUITE 920
SEATTLE, WASHINGTON 98121
PH (206) 838-8118
FX (206) 838-7459

additional amount Marcus owes and Kenisha owes him a duty to indemnify and defend. The parties contemplated this in their CR2A agreement, requiring Kenisha not only to service the debt, but also to remove Marcus from title so there was no potential for future breaches of payments, however still providing Kenisha sufficient opportunity to remove Marcus or sell the Subject Property. In the case at hand, Kenisha clearly owes Marcus the duty to service the debt and to remove him from the mortgages on the Subject Property, and having failed to comply with those terms of the CR2A agreement by a timely sale of the property. Thus, these obligations are non-dischargeable as set forth in section 523(a)(15) of the bankruptcy code.

## I. Conclusion

Based on the above, the petitioner, Marcus, is entitling to a Comfort Order holding that the property division obligations arising out of the Marital Dissolution Decree and the CR2A agreement are nondischargeable pursuant to 11USC § 523(a)(15).

DATED this 11th day of May 2023.

Integrity Law Group, PLLC
By /s/ Justin Mishkin
Justin Mishkin WSBA #38864

Integrity Law Group, PLLC
And by /s/ Joel Green
Joel G. Green WSBA #8706

7- Motion for Comfort Order

INTEGRITY LAW GROUP, PLLC
2033 SIXTH AVE. SUITE 920
SEATTLE, WASHINGTON 98121
PH (206) 838-8118
FX (206) 838-7459